Filed 11/23/15  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RONALD DARDEN JACKSON, JR.,<br><br>        Defendant and Appellant. | C079142<br><br>(Super. Ct. No. 00F00040) |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony

---

[1] Undesignated statutory references are to the Penal Code.

1

to a misdemeanor.  Defendant Ronald Darden Jackson, Jr., appeals from an order denying his petition to reduce his commitment conviction from a felony to a misdemeanor.

Defendant's petition was denied upon a determination that he was not eligible for relief because he had sustained a prior conviction for violation of subdivision (a) of section 191.5, gross vehicular manslaughter while intoxicated.  (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.18, subd. (i).)

Counsel was appointed to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question.  Our Supreme Court has not spoken.  The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In his supplemental brief, defendant presents no claim challenging the ruling from which this appeal is taken.**2**

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment (order) is affirmed.



                                                            RAYE            , P. J.


We concur:



           HOCH            , J.



           RENNER            , J.

---

**2** In *People v. Jackson*, C079588, defendant Jackson filed a supplemental brief arguing that the equal protection clauses of the United States and California Constitutions were violated by Proposition 47's reducing possession of a controlled substance (Health & Saf. Code, § 11350) to a misdemeanor but leaving possession of a controlled substance in prison a felony (§ 4573.6). Inexplicably, defendant Jackson here files a brief with identical contentions notwithstanding the lack of relevance to any issue pertaining to this appeal.